**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-1834

UNITED STATES OF AMERICA,

Appellee,

v.

CHANCE MARTIN,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Boudin, Chief Judge

Torruella and Howard, Circuit Judges.

Christopher R. Goddu, Assistant Federal Defender, Federal Defender Office, on brief for appellant.
Michael J. Sullivan, United States Attorney, and Timothy Q. Feeley, Assistant United States Attorney, on brief for appellee.

May 11, 2006

Per Curiam.  After a jury trial, Chase Martin was convicted on three counts--two of drug dealing and one of being a felon in possession.  21 U.S.C. § 841(a)(1); 18 U.S.C. § 922(g)(1) (2000).  He had a prior state-court conviction for armed robbery and assault and battery growing out of a dispute about a bicycle, but because the present offense occurred while Martin was on probation, he fell within criminal history category II. At sentencing, Martin was sentenced to 135 months, the bottom of the guideline range.

The appeal period being still open when Booker was decided, Martin now asks for a remand on the ground that he might expect a lower sentence under the current advisory guideline regime.  See United States v. Booker, 543 U.S. 220 (2005).  As the issue was not preserved, the burden is on Martin to show a reasonable likelihood of such an outcome.  See United States v. Heldeman, 402 F.3d 220, 223-24 (1st Cir. 2005).  In the peculiar circumstances of Booker, we have not been overly demanding.

In Martin's favor is his youth, sparse criminal history, and the psychological impact of severe injuries he suffered at age 16 as the innocent victim of a drive-by shooting.  Martin has proffered a psychological report, providing more detail about this incident than what was offered at sentencing; and although the government objects, we have been willing in the context of Booker

remand requests to consider a reasonable proffer.  Heldeman, 402 F.3d at 224.

The district court's remarks at sentencing are ambiguous. The judge properly emphasized the seriousness of Martin's present crimes but he seemed sympathetic to the argument that Martin was at best a borderline candidate for criminal history category II; and the psychological information now available is perhaps more compelling than what was available at the time of the sentencing. We note also that Martin was sentenced at the bottom of the guideline range.

Under the circumstances, we think a remand is appropriate, but it should not be taken as predicting that Martin will get a significantly lower sentence.  The sentence is vacated and the matter remanded for further proceedings consistent with this opinion.

It is so ordered.